IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WARREN PASCHAL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 316-083 |
| | ) |
| SHAWN EMMONS, Warden; | ) |
| SGT. FOREMAN, CERT Team; and | ) |
| OFFICER HAYNES, CERT Team, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Johnson State Prison, in Wrightsville, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On November 8, 2016, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's November 8th Order. Nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. <u>Wilson v. Sargent</u>, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of December, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA